Original

DAVID M. JONES, ESQ.
Nevada Bar No. 004647
PHILIP S. GERSON, ESQ.
Nevada Bar No. 005964
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
Attorney for Defendant
DESERT PALACE, INC.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| LAURIE TSAO, a/k/a LAURIE CHANG, | CASE NO.: 2:08 |
| Plaintiff, | |
| vs. | |
| DESERT PALACE, INC.  T. CRUMRINE, and  DOES I-XX, jointly and severally, | |
| Defendants. | |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Defendant, DESERT PALACE, INC., respectfully shows:

i.    The above-entitled action was filed in the Eighth Judicial District Court for the State of Nevada, in and for the County of Clark County, case number A562804, and is now pending in that court. Process was served upon Defendant DESERT PALACE, INC. on May 15, 2008. Copies of said Summons and Complaint are attached hereto as Exhibits "A" and "B", respectively.

ii.    This Petition is filed timely pursuant to 28 U.S.C.A. 1446(b).

///

OLSON, CANNON, GORMLEY & DESRUISSEAUX
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Telecopier (702) 383-0701

iii.   Defendant is informed and believes and thereon alleges, that there have been no further proceedings or papers filed in said action prior to the service of this Defendant with the Complaint and a Motion for Preliminary Injunction.

iv.   This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C.A. §1331 and 28 U.S.C.A. 2201 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.A. 1441(b), in that it is a civil action wherein the matter in controversy involves claims arising under the Constitution and laws of the United States, 42 U.S.C. §1983. See, Exhibit "A" at pp 10-13.

v.   Defendant is informed and believes and thereon alleges, that Plaintiff LAURIE TSAO a/k/a LAURIE CHANG, at the time of commencing this action was, and still is, a resident of the State of Nevada. The above-entitled civil action is for violation of civil rights, and invokes federal question subject matter jurisdiction. See, Exhibit "A" at pp 10-13.

vi.   A copy of the instant Notice for Removal of Civil Action of the above-entitled action to the United States District Court, District of Nevada, together with copies of the Summons and Complaint have been deposited with the County Clerk's Office for the Eighth Judicial District, in and for Clark County, Nevada.

vii.   This Notice of Removal of Civil Action is filed with this Court within thirty (30) days after receipt by Defendant of the Complaint in the above-entitled action.

viii.   The record indicates, and Defendant DESERT PALACE, INC. is informed and believes after making inquiry, that no other party has been served.

/ / /

/ / /

/ / /

OLSON, CANNON, GORMLEY & DESRUISSEAUX
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Telecopier (702) 383-0701

WHEREFORE, Defendant DESERT PALACE, INC. prays that the above-entitled action be removed from the Eighth Judicial District Court, in and for Clark County, Nevada to this court.

DATED this 3RD day of June, 2008.

OLSON, CANNON,
GORMLEY & DESRUISSEAUX

By _____
DAVID M. JONES, ESQ.
PHILIP S. GERSON, ESQ.
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
DESERT PALACE, INC.

1

## AFFIDAVIT OF PHILIP S. GERSON, ESQ.

2   STATE OF NEVADA            )

3                              ) ss:

4   COUNTY OF CLARK            )

5        PHILIP S. GERSON, ESQ., being first duly sworn deposes and says:

6        1.      That your Affiant is an attorney duly licensed to practice law in the State of

7   Nevada and in the United States District Court, District of Nevada, and that he is a member of

8   the law firm of OLSON, CANNON, GORMLEY & DESRUISSEAUX maintaining offices at

9   9950 West Cheyenne Avenue, Las Vegas, Nevada 89129.

10       2.      That your Affiant is the attorney for Defendant, DESERT PALACE, INC. and that

11  your Affiant has prepared and read the foregoing Notice of Removal of Civil Action and knows

12  the matters set forth and contained therein to be true and correct to the best of your Affiant's

13  knowledge and belief.

14       3.      Your Affiant further states that on **May 28, 2008,** he caused to be filed with the

15  Clerk of the Eighth Judicial District Court, a copy of Defendant's Notice of Removal of Civil

16  Action of the above-entitled action to the United States District Court for the District of Nevada

17  at Las Vegas, together with a copy of the Summons and the Complaint, by depositing such copies

18  with the Deputy Clerk in the Clerk's office for the Eighth Judicial District Court of the State of

19  Nevada at the office of the County Clerk, Clark County Courthouse, 200 South Third St., Las

20  Vegas, Nevada 89101.

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

4.     That your Affiant caused to be served a Notice and a copy of the Notice of

Removal of Civil Action on ROBERT A. NERSESIAN, ESQ., attorney of record for Plaintiff

LAURIE TSAO, a/k/a LAURIE CHANG in the above-entitled action by depositing the same in

the United States Mail on **May 28, 2008,** in an envelope properly addressed to Robert A.

Nersesian Esq. NERSESIAN & SANKIEWICZ, 528 South Eighth Street, Las Vegas, Nevada

89101.



PHILIP S. GERSON, ESQ.

SUBSCRIBED and SWORN to before me

this 28th day of May, 2008.

NOTARY PUBLIC in and for said
County and State

NOTARY PUBLIC
County of Clark-State of Nevada
CAROL L. WAGNER
No. 06-109771-1
My Appointment Expires Oct. 25, 2010

OLSON, CANNON, GORMLEY & DESRUISSEAUX
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that I am an employee of OLSON, CANNON, GORMLEY & DESRUISSEAUX and that service of the foregoing, **NOTICE OF REMOVAL OF CIVIL ACTION**, was made on the 3rd day of June, 2008 by depositing a true copy of same in the United States mail, in a self-addressed stamped envelope, with postage prepaid, at Las Vegas, Nevada, addressed to the following at their last known address:

Robert A. Nersesian, Esq.
NERSESIAN & SANKIEWICZ
528 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 385-5454
Fax: (702) 385-7667
Attorney for Plaintiff

An Employee of OLSON, CANNON,
GORMLEY & DESRUISSEAUX

# EXHIBIT "A"

# EXHIBIT "A"

# District Court
## Clark County, Nevada

Laurie Tsao, a/k/a Laurie Chang,

                                          Plaintiff,

--vs--

Desert Palace, Inc., T. Crumrine, and Does
I-XX, jointly and severally ,

                                          Defendants.

Case No. ___A 5 6 2 8 0 4___

Dept. No. ___X___

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

Desert Palace, Inc.

1.  If you intend to defend this lawsuit; within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court;
    b.  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

NERSESIAN & SANKIEWICZ
528 South Eighth Street
Las Vegas, Nevada 89101
Phone: 385-5454
Attorneys for Plaintiff

CLERK OF COURT

MARY ANDERSON                          - 9 2008

By: _____

DEPUTY CLERK
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89155

# EXHIBIT "B"

# EXHIBIT "B"

● ORIGINAL ●

1  **COMP**
   Robert A. Nersesian

2  Bar No.: 2762
   **NERSESIAN & SANKIEWICZ**

3  528 South Eighth
   Las Vegas, Nevada 89101

4  (702) 385-5454; (702) 385-7667 (FAX)
   Attorney for Plaintiff

5

FILED

MAY 9   4 56 PM '08

CLERK OF THE COURT

6                    DISTRICT COURT

7                CLARK COUNTY NEVADA

8  Laurie Tsao, a/k/a Laurie Chang          )
                                            )
9                    Plaintiff,             )
                                            )
10 vs.                                      )  Case No: A562804
                                            )  Dept. No.    X
11 Desert Palace, Inc., T. Crumrine, and Does )
                                            )
12 I-XX, jointly and severally              )
                                            )  **COMPLAINT**
13                   Defendants.            )
                                            )
14                                          )

15        COMES NOW Plaintiff, by and through her attorney, Robert A. Nersesian of

16 NERSESIAN & SANKIEWICZ and for her causes of action against Defendants, alleges as

17 follows:

18            **JURISDICTIONAL AND COMMON ALLEGATIONS**

19 1. Plaintiff is a resident of Clark County, Nevada.

20 2. Desert Palace, Inc., is a Nevada corporation doing business in Clark County, Nevada.

21 3. Desert Palace, Inc., holds itself out as the owner, operator and manager of Caesars Palace

22    Hotel & Casino on Las Vegas Blvd., ("casino"), and on information and belief, owns

23    manages and controls casino.

24 4. On March 19, 2008 plaintiff was legally upon the premises of the casino.

25

RECEIVED                    -1-              528 South Eighth Street
                                             Las Vegas, Nevada 89101
MAY - 9 2008                                 (702) 385-5454

CLERK OF THE COURT

5. Although at an earlier date and time (September, 2007) plaintiff had been warned to not return to casino, thereafter this warning was rescinded when casino repeatedly invited plaintiff back to casino. *See* Exhibit 1. Additionally, at law the original trespass warning, and even the current trespass are ineffective because plaintiff held valuable rights in player's club card earnings that rendered her presence at Casino a license coupled with an interest such that absent disorderly conduct, illegal activity, or injury to the property of Casino or its guests, plaintiff could not be given an effective trespass warning pursuant to NRS 207.200. Further, a trespass warning given for no other reason than the skill of the player is ineffective under Nevada law and plaintiff could not be legitimately excluded from the casino without violating reasonable rules and regulations (which plaintiff did not violate).

6. Plaintiff was approached by security in the employ of casino on March 19, 2008, who informed the plaintiff that she was under arrest for trespassing.

7. Plaintiff protested and stated that she would gladly leave.

8. Plaintiff was handcuffed and taken to the casino's security office over her protests and against her will.

9. Casino then summoned the police.

10. T. Crumrine, ("Crumrine") an officer employed by the Las Vegas Metropolitan Police Department, then arrived on the scene.

11. Crumrine asked plaintiff to identify herself.

12. Plaintiff identified herself as "Laurie Cao Chang."

13. On information and belief, casino then presented documentation to Crumrine indicating that it knew plaintiff as "Laurie Tsao."

14. At that point, on information and belief, Crumrine ran a make on "Laurie Tsao," and discovered that plaintiff held a Nevada driver's license in the name "Laurie Tsao."

-2-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

15. Plaintiff is at a point where she is transitioning between her maiden name (Laurie Tsao) and her married name (Laurie Chang).  While her driver's license is in the name of "Laurie Tsao," her United States Passport, acquired since her last renewal of her driver's license, is in the name of "Laurie Chang."

16. Prior to taking plaintiff to jail, Crumrine met with an attorney for plaintiff who presented to Crumrine invitations by casino dated after the alleged prior trespass warning given to plaintiff.

17. The attorney also explained to Crumrine the distinction between the names "Laurie Tsao" and "Laurie Chang," going so far as to identify the former as a maiden name historically used by plaintiff and the latter as a married name of the plaintiff, identifying plaintiff's husband as "John Chang," and even offering to produce said "John Chang" with additional documentation to verify the marriage and the proper identification of the plaintiff as "Laurie Chang."

18. Crumrine expressly refused to look into the matter further, stated that the plaintiff was being arrested and taken to jail (expressly not for trespassing), and dismissed (walked away from) plaintiff's attorney.  Crumrine was also incredulous that a woman might be known by both her married name and maiden name and equally incredulous that an express invitation to enter a casino would be at variance with or affect a prior trespass warning (stating, "That's pretty weak." while looking at the invitation).

19. It is clearly and anciently established law that a person may be known by more than one name and that a married woman may be known by either or both her married name or maiden name. *State ex rel Krupa v. Green,* 177 N.E.2d 616 (Ohio 1961), *Lane v. Duchac,* 41 N.W. 962, 965 (Wis. 1889) (Appropriate to use and interchange married and maiden name), *see Secretary of Commonwealth v. City Clerk of Lowell,* 366 N.E.2d 717, 722 (Mass. 1977), *see e.g. Walker v. Jackson,* 391 F. Supp. 1395, 1402 (D. Ark. 1975), *State v. Seaborn,* 15 N.C.

-3-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

305, 312 (N.C. 1833) ("[T]he same person may be known by two names, and as well known by the one as the other."), *Minot v. Curtis*, 7 Mass. 441, 444 (Mass. 1811), *Smith v. United States Casualty Co.*, 90 N.E. 947, 948 (N.Y. 1910) (While a persons baptismal [first] name may necessarily remain static, a person can have different last names), *accord Anderson v. United States*, 481 A.2d 1299 (D.C. 1984), *Woulard v. State*, 102 So. 781, 783 (Miss. 1925), *Friday v. State*, 833 P.2d 1257 (Okla. Crim. 1992); *State v. Banks*, 790 P.2d 962 (Kan. 1990), and *People v. Jordan*, 607 N.Y.S.2d 995, *app. denied* 612 N.Y.S.2d 388, *Furman-Cott v. Cott*, 2004 Conn. Super. LEXIS 1124 (Conn. Super. Ct. 2004) (Matter of factly recognizing the retention of both names as a normal occurrence.), *People v. Guadalupe*, 122 A.D.2d 807, 810 (N.Y. App. Div. 1986). To the extent that there is any authority or law to in conflict with this truism, the authority is scant and provides that it is law that the sole and true name of the plaintiff would be "Laurie Chang," the name the plaintiff gave to Crumrine and upon which Crumrine arrested plaintiff for providing false information to a police officer. *See People ex rel. Rago v. Lipsky*, 63 N.E.2d 642, 644 (Ill. App. Ct. 1945), *Freeman v. Hawkins*, 14 S.W. 364, 365 (Tex. 1890). Thus, by clearly established law the plaintiff did not provide any false statement to Crumrine.

20. At the time Crumrine took plaintiff into custody he knew that the plaintiff had identified herself as Laurie Chang, had no knowledge that Laurie Chang was not a legitimate name for plaintiff, and had affirmative indications that Laurie Chang was an appropriate and legal identity and name of plaintiff. Nevertheless, Crumrine indicated that he believed the only proper identity for plaintiff would be the name on her Nevada driver's license, "Laurie Tsao," and seized plaintiff on the basis that providing the name "Laurie Chang" was a false statement to a police officer. Crumrine's basis for seizing plaintiff was, therefore, contrary to clearly established law.

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

21. In light of Crumrine's refusal to investigate, failure to investigate, possession of affirmative knowledge negating any conclusion that plaintiff made a false statement, and in light of the obvious circumstance that plaintiff was indeed "Laurie Chang," as well as "Laurie Tsao," Crumrine lacked probable cause to seize plaintiff for the charge of making false statements to a police officer.  Crumrine also lacked probable cause to cite or charge plaintiff with trespassing as he was aware of the subsequent invitations to the plaintiff.

22. Further, while plaintiff was in the custody of Crumrine and a target of criminal charges, Crumrine subjected plaintiff to a custodial interrogation without *Miranda* warnings in violation of clearly established law.

23. It is clearly established law that the authority of a gaming licensee to detain an individual in Nevada is limited to three circumstances, to wit:  1) A citizen's arrest (NRS 171.104); 2) Suspicion of having committed a felony (NRS 171.1235); and 3) Probable cause to believe the detainee has violated a gaming statute (NRS 465.101).  There is no other legal authority to detain.

24. Casino informed Crumrine that it had detained plaintiff for the purpose of conducting a citizen's arrest for trespass, and when Crumrine discovered that casino had subsequently invited the plaintiff to its premises it was patently obvious that the basis of the detention of the plaintiff by casino was not supported by any legal authority.  At that point any reasonable police officer would necessarily recognize that the plaintiff had not only not committed a trespass, but was the victim of a false imprisonment pursuant to NRS 200.460.

25. Casino has also been put on notice of the false arrest, battery, and other torts committed against plaintiff by its employees and offered an opportunity to ratify or reject the actions of its employees.  Casino, at its management decision making level, has chosen to ratify the tortious acts of its employees concerning plaintiff.

-5-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

26. Despite the obvious character of the plaintiff as the victim of a criminal false imprisonment by casino and the lack of probable cause to charge the plaintiff, Crumrine accepted and participated in the citizen's arrest of the plaintiff by Casino and cited plaintiff for criminal trespass. Crumrine also continued the detention and seizure of the plaintiff partially on the basis of the alleged citizen's arrest after discovering that the citizen's arrest by Casino could not be supported by probable cause.

27. Doe defendants are comprised of the persons who participated in the detention of the plaintiff. This would include the person who directed that the plaintiff be detained, the persons that appeared to be security officers of Casino and seized plaintiff on the floor of the casino inclusive of those who placed handcuffs on the plaintiff, and all who touched or walked with plaintiff to the security office of Casino. Also included are all management personnel that were responsible for training the doe defendant's referenced above and negligently allowed a practice to be maintained where, either through negligence or willful ignorance, security was not provided information indicating when persons who had been given a warning pursuant to NRS 200.207 were subsequently invited back to the casino and were thusly no longer subject to any prior trespass warning. Casino together with the referenced doe defendants may hereafter be referred to as "casino defendants."

## FIRST CAUSE OF ACTION
### (Assault—Casino defendants)

28. Plaintiff incorporates ¶¶ 1-28 above.

29. At various points throughout Plaintiff's interaction with Casino's employees, inclusive of doe defendants, Plaintiff was put in reasonable fear and apprehension of a harmful or offensive touching by the actors working within the scope of their employment for Casino.

30. As a result of the assault by Casino defendants the plaintiff suffered emotional distress, fear, and outrage.

31. Casino defendants undertook the assault on plaintiff with fraud, malice, and oppression.

-6-

## SECOND CLAIM FOR RELIEF
(Battery—All defendants)

33. Plaintiff realleges ¶¶ 1 through 32.

34. Upon surrounding the plaintiff, casino defendants seized plaintiff, against Plaintiff's will, and without her consent and over her protests, grabbed the plaintiff by the shoulders in a harmful and offensive manner.

35. After so seizing the plaintiff, doe defendant(s) employees of casino then handcuffed the plaintiff and the casino defendants began taking the plaintiff to their security office.

37. The subsequent handcuffing of the plaintiff by Crumrine or his partner also constituted a battery which was participated in by Crumrine.

38. The actions of the defendants undertaken to harm the plaintiff and cause the plaintiff pain and injury were undertaken intentionally and with malice and oppression.

39. As a result of the defendants' battery, plaintiff suffered pain and suffering, emotional distress, outrage and contusions about her wrist and attendant wrenching of her muscular/skeletal systems.

## THIRD CAUSE OF ACTION
(False Imprisonment—All defendants)

40. Plaintiff realleges ¶¶ 1-39 above.

41. Casino defendants detained and secured plaintiff in the security office of Casino.

42. Casino defendants escorted plaintiff to this closed security office against her will where plaintiff was held for hours and restrained from leaving. Crumrine then assumed, without probable cause, the detention of plaintiff, and after being provided with unequivocal information demonstrating a lack of probable cause, continued to detain and imprison plaintiff and ultimately caused plaintiff to be incarcerated in the Clark County Detention Center.

-7-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

43. As a result of the defendants' false imprisonment, plaintiff suffered pain and suffering, emotional distress, and outrage.

44. Defendants' incarceration of the plaintiff was without license, authority or legal authority, and was unreasonable in all respects.

45. As a proximate result of the casino defendants' and Crumrine's actions, plaintiff was further detained in the Clark County Detention Center for the functional balance of the business day.

46. Defendants' incarceration of the plaintiff was undertaken with oppression and malice, and was despicable and contrary to all civilized societal norms.

### FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress—All defendants)

47. Plaintiff repeats and realleges paragraphs 1-46.

48. That the aforesaid acts and omissions of defendants, and each of them, were intentional, malicious and oppressive, and calculated and necessarily recognized to cause plaintiff severe fear and emotional distress. Further, the acts and omissions were undertaken with oppression, fraud, and malice.

49. As the proximate result of the aforementioned acts, Plaintiff did suffer humiliation, mental anguish, and emotional distress, as well as the physical injuries set forth above.

### FIFTH CLAIM FOR RELIEF
(Premises Liability—Casino defendants)

50. Plaintiff repeats and realleges paragraphs 1-49.

51. Casino defendants held a duty owed to Plaintiff as a business invitee to keep their premises in a condition of reasonable safety for patrons.

52. Plaintiff was a patron at all relative times herein.

53. Casino defendants failed to keep their premises safe in that they failed to appropriately train their security personnel, allowed and ratified imprisonment of patrons and assault of patrons

-8-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

1   upon their premises without legal authority, and otherwise failed to take actions necessary for

2   the safety and security of their business invitees.

3   54. As a result of the casino defendants' negligence and failure to maintain a safe premises,

4   plaintiff suffered pain and suffering, emotional distress, and outrage.

### SIXTH CLAIM FOR RELIEF
(Defamation—All defendants)

55. Plaintiff repeats ¶¶ 1-54, as though restated herein.

56. In imprisoning the plaintiff, casino defendants surrounded plaintiff with uniformed security
    to escort plaintiff to a security office.  Additionally, casino defendants handcuffed the
    plaintiff in full view of other members of the public.  Crumrine continued these activities as
    he escorted plaintiff to her transport to the Clark County Detention Center in public.

57. In escorting the plaintiff against her will in these circumstances, all of which was undertaken
    in a public place and viewed by numerous persons not in the employ of Casino, defendants
    communicated to all present that the plaintiff was a criminal.

58. Plaintiff is not, and was not, a criminal, and undertook no criminal nor suspected criminal
    activity at any relevant time.

59. The actions of the casino defendants and Crumrine published the false allegation of
    criminality to all present.

60. The actions of the casino defendants and Crumrine constitute defamation per se.

61. The actions of the casino defendants and Crumrine were undertaken with oppression and
    malice.

62. In addition to the damages set forth above, the actions of the casino defendants and Crumrine
    also injured plaintiff in her reputation and caused her severe embarrassment and humiliation.

### SEVENTH CLAIM FOR RELIEF
(Abuse of Process—Casino defendants)

63. Plaintiff incorporates ¶¶ 1-62 above.

-9-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

64. Casino defendants falsely instituted criminal process against plaintiff.

65. Casino defendants undertook this activity with the ulterior purpose of providing cover for the illegal detention of the plaintiff after the casino defendants recognized that the detention was unwarranted, and for the further ulterior purpose of punishing the plaintiff for being an advantage gambler, which is a class of persons the casino defendants choose to persecute.

66. In short, the entire circumstance of the incarceration of the plaintiff was undertaken for the purpose of making her advantage gambling activities uncomfortable and protecting the casino defendants from themselves being charged with actual crimes they committed against the plaintiff, and only through the arrest of the plaintiff and the use and imposition of criminal process could the casino defendants hope to cover their false imprisonment of the plaintiff.

67. Casino defendants undertook this abuse of process with fraud, malice and oppression.

### EIGHTH CAUSE OF ACTION
(Violation of 42 U.S.C. 1983—All defendants)

68. Plaintiff incorporates ¶¶ 1-67 above.

69. Casinos, including defendant, have a pattern and practice of fabricating charges against patrons after committing false imprisonment and battery of a patron. This pattern and practice is more prevalent in the case of legal professional gamblers, a class to which the plaintiff belongs.

70. This pattern and practice is participated in by the police in Southern Nevada.

71. The police, in working with the casinos, in contrast with their constitutional charge will avoid investigation of the events leading up to the detention of the patron, or participate with the casinos in creating an arrest on known false statements and rubber stamp the casinos and

-10-

write a citation, arrest the patron, or finalize a citizen's arrest for the casino that they know is not supported by probable cause in order to provide cover for the casino.

72. In this instance Crumrine had even been informed about casino's false charges prior to finalizing the arrest of the plaintiff, been shown documents drafted by defendant, Caesars, demonstrating the falsity of the charges, and provided information readily verifiable through sources available to Crumrine that showed that the plaintiff did not provide him with false information during an investigation.  Incidentally, as this was a purported citizen's arrest for trespass, there was no legitimate purpose for Crumrine to conduct an investigation or question plaintiff beyond the alleged citizen's arrest.

73. This pattern and practice referenced above is evidenced, in part, by the corollary cases of 1) State v. Russo,*† 2) State v. Grosjean,*† 3) City of Las Vegas v. Cagno,* 4) State v. Dougherty, 5) State v. Miura,* 6) City of Las Vegas v. Burris, 7) State v. Noble, 8) State v. Frabotta, 9) State v. Archuleta, 10) State v. Zhu,*† 11) State v. Teems,* 12) State v. Jian Li,*† and 13) The current case.*† An "*" indicates that the defendant was a professional/ advantage gambler such as the plaintiff.  A "†" indicates that the casino involved in the case was either Caesars Palace or an affiliate of Caesars Palace.

74. In each of the above referenced cases the defendant was first detained by the casino without legal authority and upon summoning the police the defendant was arrested or charged with criminal activity based on falsified charges proffered by the casino or casino personnel.

75. These charges were, respectively:  1) Not prosecuted following an arrest even though the police sought to continue prosecution despite an admitted lack of evidence, 2) Same, 3) Dismissed on appeal for lack of probable cause supporting the initial arrest, 4) Dismissed in the midst of trial for lack of probable cause supporting the initial arrest, 5) Dismissed on

-11-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

motion for lack of probable cause supporting the initial arrest, 6) Dismissed on motion for

lack of probable cause supporting the initial arrest, and 7) Not prosecuted following an arrest,

8) Acquittal with the judge chastising the police for citing the bruised and battered defendant

while ignoring the injury free security in their investigation, and 9) Acquittal with the judge

chastising the casino for charging battery when first contact was made by the casino security,

10) abandonment by the State, and 11) abandonment by the State, 12) abandonment by the

State, and 13) abandonment by the State.

76. The history of the police in Southern Nevada and casinos working together to bring about

detentions and false prosecutions on crimes in order to extricate casinos from civil liability

and provide cover for the illegal actions of the casino, coupled with the heavy regulation of

the industry, constitutes state action.  In this case the state action is also shown by Crumrine

arresting the plaintiff without probable cause on a charge proffered by the casino defendants

that, under the facts, was contrary to clearly established law.

77. In addition to the factors referenced above, the police maintain a data base of local security

officers in the employ of the casino, and with the participation of the casinos, including the

defendant in this case, treat the police and the security officers as State agents.  The police

also maintain a data base of security officials privately employed by casinos under which the

persons in this data base have the ability to call the police and have the police, on behalf of

the casino, invade the private criminal data bases (scopes and NCIC) at the request of the

casino security officers in a fashion that otherwise only state actors can use these data bases.

78. The charges levied against plaintiff fell into the category referenced above, the trespass

charges were falsified charges under which the police rubber stamped false assertions of the

casino personnel while necessarily recognizing that they were false.  In short, the exhibits

-12-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

attached unequivocally demonstrate a false imprisonment by casino prior to the arrival of Crumrine, and a further false imprisonment by Crumrine on the alleged false statement that was patently and obviously not false and for which Crumrine's actual knowledge confirmed the statement as true.

79. In undertaking this concerted action the illegal detention and seizure of the plaintiff was validated as a public and allegedly justifiable act by Crumrine.

80. The seizure of the plaintiff was unreasonable and illegal and  the ultimate seizure by Crumrine resulting in the incarceration of the plaintiff was of a nature that no police officer acting reasonably in similar circumstances would have completed the seizure.

81. As a result of the illegal seizure of the plaintiff, plaintiff was damaged as set forth above. Casino's seizure of the plaintiff and co-opting of the police in connection therewith were motivated by evil motive and evil intent, and also involved reckless or callous indifference to the federally protected rights of the plaintiff.

82. Crumrine's participation in the initial seizure and later seizure on his own behalf were motivated by evil motive and evil intent, and also involved reckless or callous indifference to the federally protected rights of the plaintiff.

83. As a result of the defendants' violation of 42 U.S.C. 1983, plaintiff has been further injured as aforesaid.

## AD DAMNUM

WHEREFORE plaintiff prays for judgment against defendants as follows:

1. General damages in excess of $10,000.00 as to each and every claim alleged herein;

2. Exemplary and/or punitive damages in excess of $10,000.00 as to each and every claim save for the fifth claim for relief;

3. Prejudgment interest pursuant to law;

-13-

528 South Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454

1    4.  For reasonable attorneys fees and costs of suit incurred herein; and

2    5.  For such other and further relief as the Court deems just and proper.

3    DATED this 9th day of May, 2008.

4                                NERSESIAN & SANKIEWICZ

5

6                                Robert A. Nersesian, Esq.
7                                Nevada Bar No. 2762
                                 528 South 8TH Street, Suite A
8                                Las Vegas, Nevada 89101
                                 Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                 -14-              528 South Eighth Street
                                                   Las Vegas, Nevada 89101
                                                   (702) 385-5454

# EXHIBIT 1



**Southern Nevada Hotel Offer**
**Four FREE Nights!**

Four FREE nights at your choice: Caesars Palace®,
Paris® Las Vegas, Rio® All-Suite Hotel & Casino,
Bally's® Las Vegas, Flamingo® Las Vegas,
Harrah's® Las Vegas or Harrah's Laughlin.
For reservations, please call 1-800-264-3141.
Ask for Offer Code: SNV07G2DD, Paris Offer Code: SNV07G2DDP

Choice of one property. Subject to availability.
Room nights must be used consecutively.
Blackout dates apply. Non-transferable and may not be combined
with another offer. See back for additional details.

Laurie C Tase

Valid from 12/1/07-2/29/2008

17G2D00D0H45TI403042227

2283

*place tower.*

2008  13:07  7029220987                    LAURIE_TSAO                    PAGE  02/03

# THIS INVITATION IS MADNESS!
## YOUR OFFER INCLUDES:

- Entry fee you and a guest into our VIP Viewing Area
- Complimentary basketball feast and beverages while you watch the games
- VIP Access to Race & Sports Book wagering area

- Special gift
- Three nights accommodations at your choice of seven Total Rewards® casino resorts mentioned below anytime between March 19-24, 2008

# HOW TO GET CAUGHT TRAVELING

This is sure to be one of the year's most popular events and seating is very limited, so reserve your spot today! Contact your Casino Host, Branch Office Representative or Casino Services at 1-800-264-6602. For Bally's Las Vegas, Caesars Palace, Flamingo Las Vegas, Harrah's Las Vegas, Imperial Palace or Rio All-Suite Hotel & Casino, mention offer code Y3NCAA8. For Paris Las Vegas, mention offer code Y2NCAA.

## SCHEDULE OF EVENTS

All event activities will take place at Caesars Palace.

Thursday-Saturday, March 20-22: 8 am – 10 pm
Scheduled College Basketball Games & Feast

Ewod Registration and Ticket Distribution



CAESARS
PALACE
3570 Las Vegas Blvd. South
Las Vegas, NV 89109
www.caesarspalace.com

Laurie Tsao
50 Gulf Pines Ave
Las Vegas NV 89148-2838

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
PAID
CAESARS
PALACE